Samuel E. Spellman et al., appellants, v. State of
Nebraska, appellee.

135 N. W. 2d 137

Filed May 14, 1965.   No. 35929.

John McArthur and Merrill R. Reller, for appellants.

Clarence A. H. Meyer, Attorney General, Harold S.
Salter, Woods, Aitken & Aitken, and Warren D. Lichty,
Jr., for appellee.

Heard before White, C. J., Carter, Boslaugh, Brower,
Smith, and McCown, JJ.

Boslaugh, J.

This is an action for damages brought by Samuel E.
Spellman and Berdina Spellman as plaintiffs against the
State of Nebraska.  The jury returned a verdict for the
defendant.  The plaintiffs' motions for judgment not-
withstanding the verdict and for a new trial were over-
ruled and they have appealed.

The plaintiffs own a tract of land in Lancaster County,
Nebraska, which lies south of U. S. Highway No. 6 and
east of the village of Emerald, Nebraska.  A watercourse
known as Middle Creek crosses the northeast corner of
the plaintiffs' property.

In 1954, the defendant obtained by purchase from the
plaintiffs and their predecessors in title two "easements"

for use in the construction of a highway improvement project. As a part of the project, the channel of Middle Creek upon the plaintiffs' property was relocated to the south and west. One easement conveyed a strip of land 120 feet wide across the plaintiffs' land to the defendant to be "used for channel change purposes only." The second easement conveyed a temporary easement to the defendant "for the purpose of storing road construction machinery, road materials and excess dirt" for a period of 2 years upon a 3-acre tract in the northeast corner of the plaintiffs' land. The temporary easement further provided: "It is agreed and understood that upon completion of highway construction work in connection with this land, that the ground will be leveled as well as reasonably possible."

The plaintiffs contend that the defendant had agreed to place all earth excavated from the new channel upon the 3-acre tract in the northeast corner of plaintiffs' land and level it so that after the project was completed the surface of the 3-acre tract would be 2 feet above the surface of the highway as constructed. The plaintiffs further contend that the defendant removed a large quantity of earth from the plaintiffs' land in violation of the alleged agreement.

There was evidence that 44,235 cubic yards of earth were excavated for the new channel of Middle Creek upon the plaintiffs' land; that 7,680 cubic yards of earth were placed upon the plaintiffs' land; and that the remaining 36,555 cubic yards of earth were removed from the plaintiffs' land. The action was brought to recover the damages alleged to have resulted from the removal of the earth in violation of the alleged agreement.

There is no provision in the easements that the defendant will place all of the earth excavated from the new channel upon the plaintiffs' land and leave it there upon completion of the project. The easement for channel change purposes is an absolute conveyance of the property described subject to reversion only in the event

of abandonment of the use of the premises for channel change purposes. The temporary easement provides only for the temporary use of the property and that the ground be leveled upon completion of the construction work.

The plaintiffs attempted to establish an agreement on the part of the defendant to place all excavated earth upon the 3-acre tract and to leave it there upon completion of the project by evidence concerning the negotiations which led up to the execution and delivery of the easements to the defendant. The plaintiffs attempted to introduce testimony concerning oral statements made by officers and employees of the defendant as to the meaning of some of the language which appears in the two easements. The plaintiffs produced a copy of a letter addressed to the State Engineer in which a lawyer for the plaintiffs stated that certain requirements would have to be included in the written instruments before the plaintiffs and their predecessors in title would sign them. All of this evidence related to negotiations which preceded the execution of the written instruments and was not admissible under the parol evidence rule.

The easements were contractual in nature and were the evidence of the agreement which the parties had made. The effect of the evidence offered by the plaintiffs was to enlarge the contractual obligation of the defendant and create a duty of performance that was not included in the written instruments.

The parol evidence rule is not merely one of evidence, but is a rule of substantive law, which declares that certain kinds of facts are legally ineffective and forbids them to be proved. Gerdes v. Omaha Home for Boys, 166 Neb. 574, 89 N. W. 2d 849. Negotiations and conversations leading up to a written contract are merged therein, and evidence of such negotiations and conversations is not admissible to vary, modify, or contradict the written contract. Boettcher v. Goethe, 165 Neb. 363, 85 N. W. 2d 884. In the absence of fraud, mistake,

or ambiguity, the written instrument is the only competent evidence of the agreement. Preferred Pictures Corp. v. Thompson, 170 Neb. 694, 104 N. W. 2d 57.

The plaintiffs do not seek relief on the ground of fraud or mistake, and the easements in question are not ambiguous so as to authorize the introduction of parol evidence to explain and interpret them.

There is no competent evidence in this case to establish any agreement on the part of the defendant to leave all earth excavated from the new channel upon the plaintiffs' land. In the absence of such evidence the plaintiffs had no right of recovery against the defendant under the pleadings in this case.

Under the pleadings and evidence in this case there was no basis for the recovery of any damages by the plaintiffs from the defendant. The verdict and judgment of the trial court is the only one which the pleadings and evidence will sustain. The judgment is, therefore, affirmed.

AFFIRMED.